UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 25-cv-21878-ALTMAN

**TRINNELL GRIFFIN**,

   *Plaintiff*,

v.

**CARNIVAL CORPORATION,** *et al.*,

   *Defendant.*

_____/

## ORDER GRANTING MOTION TO DISMISS

Our Plaintiff was "a fare-paying passenger[ ]" aboard the *Liberty*, a cruise ship owned by Defendant Carnival Corporation ("Carnival") "that sailed from New Orleans, Louisiana, on or about June 9, 2024, on a seven-day Western Caribbean cruise." Second Amended Complaint [ECF No. 30] ¶¶ 5–6. On June 13, 2024, "the ship dropped anchor in the Caribbean Sea off the coast of the Grand Cayman, Cayman Islands, so that passengers could disembark and reembark by tender boat to Grand Cayman," a process that "required the use of a tender to transfer passengers from the . . . *Liberty* to the shore." *Id.* ¶¶ 7–8. "After boarding the tender, while . . . descending the stairs," our Plaintiff "suddenly fell" on "slippery wet stairs," and "her right leg became lodged between the railing and the stairs." *Id.* ¶¶ 11–13. She sued Carnival and Defendant Caribbean Marine Services LTD ("CMS")—the "tender boat company" Carnival "contracted or hired"—for negligence. *Id.* ¶ 9. Carnival now moves to dismiss the SAC. *See* Motion to Dismiss Plaintiff's Second Amended Complaint ("MTD") [ECF No. 32]. After careful review, we **GRANT** the MTD.[1]

---

[1] The SAC alleges one count of "Use of Unsafe Tender" against Carnival and one count of "Failure to Maintain Tender in Safe Condition" against CMS. SAC ¶¶ 5–20, 21–27. Carnival's MTD takes aim at *both* counts, arguing that the SAC "should be dismissed in its entirety." MTD at 3. But Carnival cannot contest a claim on behalf of CMS—which, as it happens, has never been served. *See*

**THE LAW**

"To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Megladon, Inc. v. Vill. of Pinecrest*, 661 F. Supp. 3d 1214, 1221 (S.D. Fla. 2023) (Altman, J.) (cleaned up). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "In deciding a Rule 12(b)(6) motion to dismiss, the court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, but legal conclusions without adequate factual support are entitled to no assumption of truth." *Dusek v. JPMorgan Chase & Co.*, 832 F.3d 1243, 1246 (11th Cir. 2016) (cleaned up).

**ANALYSIS**

"In analyzing a maritime tort case, we rely on general principles of negligence law." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1336 (11th Cir. 2012) (cleaned up). "To plead negligence, a plaintiff must allege that (1) the defendant had a duty to protect the plaintiff from a particular injury; (2) the defendant breached that duty; (3) the breach actually and proximately caused the plaintiff's injury; and (4) the plaintiff suffered actual harm." *Ibid.* "Shipowners (like Carnival) owe their passengers a duty of ordinary reasonable care under the circumstances"—a standard that "requires, as a prerequisite to imposing liability, that the carrier have had actual *or* constructive notice of a risk-creating condition, at least where, as here, the menace is one commonly encountered on land and not clearly linked to nautical adventure." *Branyon v. Carnival Corp.*, 2025 WL 3165222, at *4 (S.D. Fla. Nov. 13, 2025) (Altman, J.) (cleaned up). Actual notice "exists when the defendant knows about the dangerous condition." *Newbauer v. Carnival Corp.*, 26 F.4th 931, 935 (11th Cir. 2022). On the other hand, a plaintiff

---

*generally* Docket. We'll thus enter a separate order instructing our Plaintiff to show cause—by November 24, 2025—why her claims against CMS shouldn't be dismissed for failure to serve.

2

can show constructive notice through evidence that "a defective condition existed for a sufficient period of time to invite corrective measures," that "substantially similar incidents" have occurred, or that "a crewmember was in the immediate vicinity of the dangerous condition." *Branyon*, 2025 WL 3165222, at *4 (cleaned up).

Here, Carnival seeks to dismiss the SAC "for failure to allege . . . any facts which would allow the court to draw a reasonable inference that Carnival was on notice of any hazardous condition relating to the subject tender." MTD at 3; *see also id.* at 5 ("There are no allegations of prior similar incidents, employee observations, or any other facts that would suggest that Carnival was aware of the alleged risk."). And our Plaintiff *doesn't dispute* that her SAC fails to allege notice on the part of the Defendants. She instead advances "three independent reasons . . . sufficient to defeat Carnival's motion." Plaintiff's Response in Opposition to the MTD ("Response") [ECF No. 39] at 1. *First*, she says that she's "alleged a claim for vicarious liability" and that such claims "do not require a pleading of notice." *Ibid. Second*, she claims that "notice is irrelevant" because Carnival had a "non-delegable" duty to "provide safe ingress and egress by tender." *Ibid.* (cleaned up). *Third*, she argues that "[i]t is settled law that no notice is required when the defendant *created* the dangerous condition." *Id.* at 2. We'll address (and reject) all three arguments in turn.[2]

---

[2] One thing to note before we get to the merits: Even when "the parties have not raised jurisdictional challenges," we carry an "independent obligation to determine whether jurisdiction exists in each case before us." *Anago Franchising, Inc. v. Shaz, LLC*, 677 F.3d 1272, 1275 (11th Cir. 2012). And we *do* have jurisdiction to resolve the MTD, despite a clerical mistake in a prior order, which might have made it *seem* as though we've been stripped of jurisdiction.

Our November 3, 2025 Paperless Order granted the MTD "by default" (because of the Plaintiff's failure to respond) and dismissed the SAC "with prejudice." *Id.* [ECF No. 36]. Later that day, our Plaintiff moved for leave to set aside the default and for permission to respond to the MTD. *See* Response to Order to Show Cause [ECF No. 37]. We granted leave on November 5, 2025. *See* Paperless Order [ECF No. 38].

"A court may correct clerical mistakes 'on motion or on its own, with or without notice.'" *Armstrong v. U.S. Att'y Gen.*, 2024 WL 1554758, at *1 (11th Cir. Apr. 10, 2024) (quoting FED. R. CIV. P. 60(a)); *see also Madura v. BAC Home Loans Servicing, LP*, 655 F. App'x 717, 723 (11th Cir. 2016) (noting that, even after the filing of a notice of appeal, "[a] district judge retains the authority . . . [to]

3

I. **Vicarious Liability**

Pointing to our order in *Branyon v. Carnival Corp.*, 2024 WL 3103313, at *1 (S.D. Fla. June 24, 2024) (Altman, J.), our Plaintiff argues that "a vicarious liability claim . . . does not require notice." Response at 3; *see also id.* at 2 ("Plaintiff's claim in Count I is, at its core, a vicarious liability claim for the negligence of Carnival's employees or agents who operated, managed, or selected the tender."). Carnival maintains that, "[c]ontrary to the argument in her response," our Plaintiff in fact "sought to hold the cruise line *directly* liable." Reply in Support of MTD ("Reply") [ECF No. 40] at 3 (cleaned up). Our best reading of the SAC leaves us with the impression that our Plaintiff is proceeding under a theory of *direct* liability. *See, e.g.*, SAC ¶ 18 ("Carnival . . . breached its non-delegable duty . . . to maintain reasonable, safe means for passengers to disembark and embark."). But the SAC never actually mentions "direct" *or* "vicarious" liability. So, we'll give our Plaintiff one *final* opportunity to amend its Complaint to clarify its theory of negligence. For now, however, her first theory fails because, as we read the Complaint, she's advancing a claim of direct liability—which *would* require her to show actual or constructive notice, an element she concedes she hasn't pled.

II. **Non-Delegable Duty**

Our Plaintiff next directs us to *Vierling v. Celebrity Cruises, Inc.*, 339 F.3d 1309 (11th Cir. 2003), which she says is "dispositive" here. Response at 3. As she sees it, *Vierling* supports the proposition that a plaintiff pleading "a breach of a non-delegable duty" need not allege "notice." *Ibid.* But *Vierling* explained only that "[a] high degree of care is demanded of common carriers toward their passengers," that "this high degree of care" encompasses "the duty to maintain reasonable, safe means for passengers to board and disembark," and that "this obligation is nondelegable." 339 F.3d at 1319. It

---

correct clerical errors"). So, we now clarify that our default dismissal should've been *without*, not *with*, prejudice. In other words, this MTD remains properly before us.

4

did nothing to suggest that plaintiffs can circumvent the notice requirement by artfully pleading the breach of a non-delegable duty. *Vierling* thus doesn't save our Plaintiff here.

### III. Creation of Dangerous Condition

Finally, our Plaintiff argues that "no notice is required because Carnival created the hazardous condition" by "[s]electing this specific tender," by "[c]ontracting for its use as the sole means of transport," and by "[d]irecting Plaintiff and other passengers onto it." Response at 3. But allegations of a *created* risk appear nowhere in the SAC.

The SAC claims that "Carnival contracted or hired a tender boat company to use their tender for . . . disembarkation and re-embarkation" and that "[t]he tender employees failed to ensure the stairs were safe and not slippery when [our Plaintiff] boarded the tender, failed to warn the passengers of the slippery wet stairs, failed to post warning signs to indicate a hazard, and failed to assist passengers traversing the stairs." SAC ¶¶ 9, 12; *see also id.* ¶ 18 (alleging that Carnival "breached its 'nondelegable duty doctrine' to maintain reasonable, safe means for passengers to disembark and embark, and that breach caused this accident"). Those allegations say nothing about the *creation* of a dangerous condition. And simply claiming to have "slipped and f[allen] due to unsafe, wet, and slippery conditions," *id.* ¶ 24, isn't the same as alleging that a defendant "created an unsafe or foreseeably hazardous condition," *Rockey v. Royal Caribbean Cruises, Ltd.*, 2001 WL 420993, at *4 (S.D. Fla. Feb. 20, 2001) (Gold, J.). Were we to hold otherwise, we'd eliminate the need for *any* slip-and-fall plaintiff to *ever* show notice.[3]

---

[3] Our Plaintiff argues that it's "*settled* law that no notice is required when the defendant created the dangerous condition." Response at 2 (emphasis added). To be sure, district courts in our Circuit have reached that conclusion. *See, e.g.*, *Villeta v. Carnival Corp.*, 2014 WL 11930610, at *3 (S.D. Fla. Oct. 6, 2014) (Altonaga, J.) ("Villeta points to facts Carnival created the unsafe or foreseeably hazardous condition, obviating the need to show notice."). But some others have not. *See, e.g.*, *Fisher v. Carnival Corp.*, 2013 WL 12061861, at *2 (S.D. Fla. July 29, 2013) (Scola, J.) (explaining that "those decisions do not contend with the [Eleventh Circuit's] holding" in *Everett v. Carnival Cruise Lines*, 912 F.2d 1355 (11th Cir. 1990), which "rejected the principle, based on Florida law, that a premises owner who

5

\* \* \*

The SAC thus fails to allege that the Defendants had notice—actual or constructive—of any dangerous condition. And our Plaintiff fails to explain why it can survive the MTD without alleging that Carnival had notice. We therefore **GRANT** the MTD.

## CONCLUSION

Accordingly, we hereby **ORDER and ADJUDGE** as follows:

1. Carnival's Motion to Dismiss [ECF No. 32] is **GRANTED**.

2. Count I of the Second Amended Complaint is **DISMISSED without prejudice**.

3. Our Plaintiff must file an amended complaint by **November 27, 2025**.

**DONE AND ORDERED** in the Southern District of Florida on November 19, 2025.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record

---

creates a dangerous condition is charged with knowledge of its existence" (cleaned up)). But we needn't resolve this question today because our Plaintiff never alleges that Carnival created the dangerous condition.